In the **UNITED STATES BANKRUPTCY COURT** for the
**SOUTHERN DISTRICT OF FLORIDA**

In re:                                                    CASE NO. 18-19121-RAM
                                                          CHAPTER 11

1 GLOBAL CAPITAL, LLC,

    Debtor.
_____/

1 GLOBAL CAPITAL, LLC,

    Plaintiff,                                      ADV. NO. 19-01416-RAM
vs.

MACHUCA, L.L.C., and
JOSE A. MACHUCA,

    Defendants.
_____/

### AFFIDAVIT OF JOSE A. MACHUCA
### IN SUPPORT OF MOTION TO VACATE DEFAULT

BEFORE ME, the undersigned notary, this day appeared Jose A. Machuca, who, being first duly sworn under oath, deposes and states:

1. I am the Defendant named above to this adversary action.

2. I am also the managing member of Machuca LLC.

3. In Virginia there is a process for collection of debts that results in the court issuing a Warrant in Debt which is served on a defendant with a return date. The "return date" is the date at which a defendant must appear in court and give defenses or ask for a continuance. Failure to appear results in the entry of a default.

4. I understood the court's order to contain a "return date" or what is referred to in the papers that were served on me as a "pretrial date". Accordingly, I was in no rush to retain counsel because I believed that no default could be entered if I, or my attorney, appeared at the pretrial. Then, the court continued the pretrial date to March 11, 2020 leading me to believe I had plenty of time to contact an attorney about this matter.

5. On December 17, 2019 I contacted Mr. Russo who informed me that just the day before, that being December 16, 2019, the clerk of the court had entered a default against me and my

company because I did not file a paper in defense of the action against us.

6. It was always had the intention to defending the complaint as I believe the amount demanded greatly exceeds what the balance ought to be at this point in time.

7. Machuca LLC provides the sole means of support for me and my family.

8. If the default were not set aside and a judgment were to be entered for the amount demanded by the Plaintiff, then the resulting judgment would likely exceed my profits from the business for the year. I would end up losing the business and my livelihood, or possibly filing bankruptcy which could nevertheless have the same effect.

9. My delay in responding was not intentional or with any sort of bad faith.

10. Immediately upon learning of the default and what was at stake, I retained Mr. Russo the same day so that he could act to file a motion to have the default set aside and present my defenses to the court.

I HAVE NOTHING FURTHER TO STATE AT THIS TIME.

_____
JOSE A. MACHUCA

STATE OF Virginia )
COUNTY OF Fairfax )

The foregoing instrument was acknowledged before me this 28th day of ~~December, 2019,~~ January 2020 by Jose A. Machuca. He is personally known to me or has produced VA DL _____ (type of identification presented - giving detail) as an identification and taken an oath.

NOTARY PUBLIC
Sign _____
Print Samuel Glasford
State of Virginia at Large (Seal)

My Commission Expires: 03/31/2021



SAMUEL NATHANIEL GLASFORD
NOTARY PUBLIC 7713198
COMMONWEALTH OF VIRGINIA

MY COMMISSION EXPIRES MARCH 31, 2021

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-mailed to James B. Miller, attorney for the Plaintiff/Trustee at jbm@Title11Law.com on this February 11, 2020.

/s/

Rex E. Russo